UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 16-8508-JLS-KK | Date: | November 23, 2016 |
|---|---|---|---|
| Title: | *Keith Miller v. Cynthia Tampkins* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why This Action Should Not Be Dismissed As Untimely [Dkt. 1]

## I.
## INTRODUCTION

Petitioner Keith Miller ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254.  However, the Petition appears to be untimely on its face.  The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

On April 23, 2014, in Los Angeles County Superior Court, Petitioner was convicted of assault with a firearm in violation of California Penal Code section 245, subdivision (a)(2), and second degree robbery in violation of California Penal Code section 211.  See ECF Docket ("Dkt.") No. 1, Pet. at 83.[1]  On May 12, 2014, Petitioner was sentenced to a term of nine years.  Id. at 79.

---

[1] The Court treats the Petition as if it was consecutively paginated.

On or about November 30, 2015, Petitioner filed a state habeas petition in Los Angeles County Superior Court. Id. at 80. On December 8, 2015, the Superior Court denied the petition. Id.

On or about April 28, 2016, Petitioner filed a second state habeas petition in Los Angeles County Superior Court. Id. at 81. On May 3, 2016, the Superior Court denied the petition. Id.

On May 23, 2016, Petitioner filed a state habeas petition in the California Court of Appeal. Id. at 38. On June 1, 2016, the California Court of Appeal denied the petition. Id.

On June 29, 2016, Petitioner filed a state habeas petition in the California Supreme Court. California Courts, Appellate Courts Case Information, Supreme Court, Docket, (November 22, 2016, 8:38 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2147930&doc_no=S235546. On September 21, 2016, the California Supreme Court denied the petition. Id.; Pet. at 40.

On November 8, 2016, Petitioner constructively[2] filed the instant Petition. Pet. at 8. Petitioner challenges his conviction and sentence on the following grounds: (1) ineffective assistance of counsel for "enter[ing] Petitioner into a plea that wasn't considered or communicated"; (2) unconstitutional plea; (3) ineffective assistance of counsel for "fail[ure] to perform the duty of investigation . . . and case preparation"; and (4) due process violation for failure to provide "notice for the Firearm Enhancement." Id. at 5-6.

## III.
## DISCUSSION

### A.   THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Pet. at 8. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). Under the California Rule of Court 8.308(a), the time for appealing a conviction and sentence expires sixty days "after the rendition of the judgment or the making of the order being

---

[2]   Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

appealed." Cal. R. Ct. 8.308(a); Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994).

Here, there is no indication Petitioner sought direct review of his conviction. Accordingly, Petitioner's conviction became final on June 22, 2014, i.e., sixty days after the date of Petitioner's conviction.  See Cal. R. Ct. 8.308(a); Caspari, 510 U.S. at 390.  AEDPA's one-year limitations period commenced the next day, June 23, 2014, and expired on June 23, 2015. See 28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on November 8, 2016.  Pet. at 8.  Therefore, in the absence of any applicable tolling, the Court deems the Petition untimely by over one year under Section 2244(d)(1).  Thompson, 681 F.3d at 1093.

**B.   STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'"  Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).  Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  In addition, Section 2244(d)(2) "does not permit reinitiation of the limitations period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, as discussed above, AEDPA's one-year statute of limitations commenced on June 23, 2014.  See 28 U.S.C. § 2244(d)(1).  Following the commencement of the limitations period, Petitioner filed state habeas petitions on or about November 30, 2015, April 28, 2016, May 23, 2016, and June 29, 2016.  Pet. at 38, 80-81.  However, AEDPA's limitations period expired on June 23, 2015, approximately five months before Petitioner filed his first state habeas petition. See 28 U.S.C. § 2244(d)(1); Id. at 80.  Therefore, statutory tolling does not render the Petition timely.

**C.   EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule."  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. <u>Bills</u>, 628 F.3d at 1097.

## IV.
## ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than December 23, 2016**. Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached A Notice of Dismissal form.** However, the Court warns Petitioner any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

**The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.** <u>See</u> **Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**